United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARSHALL ABRAHAM WEXLER,
Plaintiff,

v.

IRA SCHWARTZ, et al.,
Defendants.

Case No. 26-cv-02092-CRB

**ORDER DENYING PRELIMINARY INJUNCTION; DENYING TRO; ADOPTING R&R; AND DISMISSING CASE**

Plaintiff Marshall Abraham Wexler moved for a preliminary injunction and then, shortly thereafter, for a temporary restraining order. Mot. for Prelim. Inj. ("PI Mot.") (dkt. 41); Ex Parte Appl. for TRO and O.S.C. Re Prelim. Inj. ("TRO Mot.") (dkt. 43). In his motion for a preliminary injunction, he asks the Court for "emergency equitable relief" to prevent "Defendants from compelling a mental-health or psychiatric examination of Plaintiff," stay or reverse a New York proceeding to suspend his law license, compel some Defendants to provide discovery, and enjoin other Defendants from "engaging in further constructive eviction, harassment, and retaliation." PI Mot. at 2–3. In his motion for a TRO, he asks the Court again the "stay" the suspension of his law license, to "freeze" disputed funds held by Defendant ASK LLP, and to "order Defendants to show cause why a preliminary injunction should not issue." TRO Mot. at 9. The Court finds Plaintiff falls far short of the showing necessary for emergency preliminary relief and thus DENIES both motions. The Court further ADOPTS the Report and Recommendations ("R. & R.") of Magistrate Judge Beeler and DISMISSES Plaintiff's claims without leave to amend.

## I. BACKGROUND

Judge Beeler laid out much of the background for this case in detail in her R.& R.

United States District Court
Northern District of California

Order Reassigning Case; R. & R. to Dismiss ("R. & R.") (dkt. 36) at 2–6.

> The plaintiff filed the case on March 12, 2026, and an amended complaint four days later. [Compl. (dkt. 1); Am. Compl. (dkt. 6).] The screening order summarized the allegations: [an] enterprise overcharged the plaintiff for rent in New York and San Francisco, harassed him because he is Jewish, tampered with his vehicles, interfered with his law-school grades and his law career, followed him on trips to Detroit, Brazil, Hawaii, and Nevada, and bribed building inspectors, utility and phone-company employees, and court officials. [Screening Order (dkt. 24) at 2–4.] The order held that (1) the complaint did not plausibly allege a question of law or fact common to the over 140 defendants, (2) the enterprise narrative "crosses over from the land of plausibility into fantasy or delusion," (3) the RICO allegations were conclusory and did not plead the predicate acts with the particularity Rule 9(b) requires, (4) there was no diversity jurisdiction, and (5) claims reaching back to 2010 might be time-barred. [Id. at 5–11.] It gave the plaintiff two choices: file a supplement addressing the issues by September 14, 2026, or file a one-page dismissal "allowing him to pursue relief in separate cases against related defendants or in state court." [Id. at 2, 6, 11.]

R. & R. at 2–3. Judge Beeler then granted Plaintiff two extensions to file an amended complaint limited to 40 pages or less. Id. at 3. In response,

> [T]he plaintiff filed a letter with twenty complaints attached. The letter says that he "[is] choosing to proceed with the separation of claims rather than attempting to maintain all allegations in one consolidated pleading," identifies the three complaints he considers most urgent, and asks the court for "guidance on the appropriate procedure and sequencing," including "whether the remaining matters should be filed separately as new actions, submitted in stages, or otherwise addressed through a procedure the Court directs." [Letter (dkt. 33) at 1.] The same day he filed a twenty-first complaint that he had forgotten to upload, and the next day a twenty-second, with a notice asking leave to file it. [Am. Compl. (dkt. 34-1); Notice (dkt. 35) at 1; Am. Compl. (dkt. 35-1).] The twenty-two complaints total 345 pages. Each is captioned as a new action with a blank case number. The named plaintiff is variously Marshall Wexler, Marshall Abraham Wexler, or "Marshall Wexler Law Offices." One is captioned as a "Fourth Amended Complaint" in a Southern District of California case, and one is captioned for the District of Hawaii. [Am. Compl. (dkt. 33-15) at 1–2; Am. Compl. (dkt. 35-1) at 1.] Nineteen assert RICO claims. Seventeen name Ira Schwartz, and sixteen of those also name Uri Kaufman.

R. & R. at 4 (string citation documenting page counts omitted). Across the filings, Plaintiff alleges a RICO conspiracy between "Schwartz, Kaufman, family members,

landlords, lawyers, and an NYPD officer" to "'obtain value associated with' the plaintiff's tenancy, legal claims, confidential information, and law practice." Id. at 5. Plaintiff links many incidents to this conspiracy, including issues with hotels and Airbnb's around the world, issues with flights, hospital visits, and police encounters. Id. "Throughout, defendants are 'named only to the extent Plaintiff proves each Defendant's personal participation in the particular conduct alleged against that Defendant,' and Schwartz and Kaufman are alleged to have coordinated the enterprise 'only to the extent Plaintiff proves their respective personal acts.'" Id. Plaintiff also raised several other claims, including a malpractice claim, public-accommodations claim, and contract claims. Id. at 5–6.

After combing through these documents, Judge Beeler concluded that Plaintiff's filings did not constitute an amended complaint and did not comply with the Court's orders, which would "itself justify striking the filing." Id. at 6–7. Judge Beeler further found that the pleading still had not properly joined the Defendants, id. at 7; that the RICO claims remained implausible, since they were "conclusory," reserved the right to prove the Defendant's involvement until later, lacked details about the predicate acts, and often crossed into fantastical links between far-ranging parties, id. at 8–9; and that the pleadings' shotgun nature violated Rule 8, id. at 9–10. As such, Judge Beeler concluded that Plaintiff's claims should be dismissed without leave to amend, but with leave to file separate actions against properly joined plaintiffs. Id. at 2.

Judge Beeler issued her R. & R. and reassigned the case to this Court on October 30, 2026. See R. & R.; Order Reassigning Case (dkt. 37). On November 6, 2026, Plaintiff filed a letter stating he was submitting an amended complaint, Letter (dkt. 39), along with the new complaint, Am. Compl. (dkt. 40).[1] In the Letter, Plaintiff wrote that his amended

[1] Plaintiff made multiple duplicative submissions to the Court on November 6, including an initial filing labeled as an amended complaint that contained only Plaintiff's letter, Am. Compl. (dkt. 38), a filing labeled as the letter that contained the Letter and the Amended Complaint as an exhibit labeled "Affidavit amended complaint," Letter (dkt. 39); Letter Ex. 1 (dkt. 39-1), and a filing labeled as "Errata," which contained another copy of the Amended Complaint, Errata (dkt. 40). For simplicity's sake, this Court will refer to Docket No. 39 as the Letter and Docket No. 40 as the Amended Complaint.

complaint sought to "address the Court's concerns regarding joinder, length, organization, and factual plausibility, while narrowing this action to the principal allegations involving the NYSB, ASK LLP, BEMNY/268 W. 77th Street matters." Letter at 2. To address the R. & R.'s concerns about joinder, Plaintiff "removed approximately twenty ancillary matters" from his complaint, and attached an exhibit (labeled "Enclosure A") identifying all the matters he excluded. Id. at 8. Exhibit A lists 20 categories of matters, affecting over 35 Defendants. Id. at 11–15. Included on the list are his "San Francisco Housing and Utility Interference" claims against Defendants "Virginia Tory, Barbara Lam, Eviction Defense Collaborative, PG&E, and SFPD," and his "Attorney Fee and Retainer disputes Involving Juul E-Cigarette Leads" against "ASK LLP, David Stern, and Troy Tatting."[2] Id. at 11–15.

Even with some claims and Defendants removed, Plaintiff's Amended Complaint lists 71 named Defendants and several unnamed ones. Am. Compl. ¶¶ 2–25. The Complaint again alleges a criminal enterprise run by the "SK Syndicate" and consisting of lawyers, law firms, "family members, investors, and grievance officials." Id. ¶ 34. Plaintiff alleges this enterprise seeks to "fraudulently extract financial assets from targets, evade rent-stability laws, divert mass tort settlement revenues, and silence victims through systemic litigation abuse, extortion, and the breach of professional fiduciary duties." Id. ¶ 35. As with his prior pleadings, the Amended Complaint contains allegations connecting seemingly disparate events with conclusory statements and expansive claims of conspiracy. See id. ¶¶ 38–86. Plaintiff's allegations include efforts to force him from his apartment, violations of co-counsel agreements for referring clients to the mass tort litigation relating to Juul, sham legal representation, wire fraud and sabotage by Plaintiff's former attorney, and a coordinated effort to corrupt the New York State Attorney Grievance Committee to strip Plaintiff of his law license. Id. Plaintiff lists 11 causes of action, including RICO claims, RICO conspiracy claims, violations of federal privacy

---

[2] Notably, the attorney fee and retainer dispute are still included in Plaintiff's Amended Complaint, Am. Compl. at 11–12, and form a part of his requested TRO, TRO Mot. at 8–9.

United States District Court
Northern District of California

protections, breach of fiduciary duty, fraud, and several civil rights claims. Id. at 16–26.[3] He prays for extensive relief, including damages, disgorgement, a TRO and preliminary injunction, and a permanent injunction. Id. at 26–27.

Plaintiff moved for a preliminary injunction on November 9, 2026. PI Mot. He then filed a substantially similar motion for a TRO on November 10, 2026. TRO Mot. Combined, the motions seek broad preliminary relief to protect him from efforts to suspend his law license and allow him access to Defendant ASK LLP's settlement funds. See generally PI Mot.; TRO Mot.

## II. LEGAL STANDARD

The legal standard for a TRO and a preliminary injunction is largely identical. A party seeking a TRO or preliminary injunction must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Washington v. Trump, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017). "[I]f a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two Winter factors are satisfied." Friends of the Wild Swan v. Weber, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).

Rule 72(b) allows magistrate judges to enter recommended dispositions in matters before them. Fed. R. Civ. P. 72(b). District courts can "accept, reject, or modify" the recommended disposition. Id. The district court does not need to review *de novo* those portions of an R. & R. to which no party objects. See U.S. v. Reyna-Tapia, 328 F.3d 114, 1121 (9th Cir. 2003) (citing 28 U.S.C. § 636(b)).

---

[3] The paragraph numbering in Plaintiff's Amended Complaint restarts at 38 for his causes of action, so the Court uses page numbering for the citation for that portion. See Am. Compl. at 16–26

When a plaintiff is proceeding in forma pauperis (as here), 28 U.S.C. § 1915 requires the court to determine if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Under Rule 12(b)(6) and § 1915(e)(2)(B), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (cleaned up); see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The complaint need not contain "detailed factual allegations," but the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions"; a mere "formulaic recitation of the elements of a cause of action" is insufficient. Twombly, 550 U.S. at 555 (cleaned up). Factual allegations in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). The court cannot assume, however, that "the [plaintiff] can prove facts that [he or she] has not alleged." Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

## III. DISCUSSION

The Court begins with the Plaintiff's request for a TRO and preliminary injunction. It then moves to Judge Beeler's R. & R. and whether to dismiss Plaintiff's case wholesale.

### A. Motion for TRO and Preliminary Injunction

Plaintiff falls far short of the showing necessary for preliminary relief. The first Winter factor—whether Plaintiff is likely to succeed on the merits—is dispositive here.

For Plaintiff's efforts to "stay" his New York disciplinary proceedings and potential

United States District Court
Northern District of California

mental health evaluation, Plaintiff acknowledges that federal court intervention into state disciplinary proceedings is foreclosed by both the Rooker-Feldman doctrine and the Younger abstention doctrine. TRO Mot. at 6–7. He is correct. See, e.g., Dickstein v. State Bar of Cal., No. 12-4676-MMC, 2012 WL 4933277, at *1 (N.D. Cal. Oct. 16, 2012) (denying TRO based on due process challenge to state bar disciplinary proceedings because federal district courts "'must abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings,' including 'disciplinary proceedings'" (quoting Hirsch v. Justs. of the Sup. Ct. of the State of Cal., 67 F.3d 708, 712 (9th Cir. 1995)); Crosland v. Earle, No. 24-cv-06277-AB-PVC, 2025 WL 1720190, at *2 (C.D. Cal. April 29, 2025) ("[T]he Rooker-Feldman doctrine bars federal courts from reviewing state court orders or judgments, while the Younger abstention doctrine bars the Court from intervening in ongoing state proceedings."). Plaintiff tries to bypass this jurisdictional limit by invoking bad faith and fraud exceptions. TRO Mot. at 6–7. But Plaintiff's allegations of bad faith and fraud are conclusory—claiming, with no support, that the proceedings are "retaliatory" and the result of a "coordinated network utilizing bad-faith complaints and procedural interference." Id. at 6; see PI Mot. at 4–5 (offering similarly conclusory claims). District courts do not regularly grant the extraordinary remedy of preliminary relief based on such conclusory arguments. See, e.g., People of City of L.A.Who are Un-Housed v. Garcetti, No. 21-cv-06003-DOC-KES, 2024 WL 3075232, at *1 (C.D. Cal. June 4, 2024); Young v. 3.1 Phillip Lim, LLC, No. CV 16-1556-DOC, 2016 WL 6781200, at *6 (C.D. Cal. Nov. 16, 2016). This Court will not do so either.

The Plaintiffs request the court "freez[e] the settlement proceeds currently held by ASK LLP and compel[] an equitable accounting" fairs no better. TRO Mot. at 8. Plaintiff's TRO motion does not attempt to argue that he is likely to succeed on the merits for those claims. See id. And the Court sees no reason to think he would. Plaintiff's motion for a preliminary injunction offers little more, merely reciting a summary of his claim that he referred clients to ASK LLP, which has since "assumed exclusive control"

United States District Court
Northern District of California

over settlement funds. PI Mot. at 5. Again, Plaintiff falls short of the showing needed to invoke this extraordinary remedy.

The Court DENIES the Plaintiff's motions for a TRO and preliminary injunction.[4]

**B. Report & Recommendations**

Judge Beeler identified many issues with Plaintiff's pleadings that warranted recommending dismissal, including Plaintiff's non-compliance with court orders, failure to properly join all Defendants, implausible RICO allegations, and shotgun pleading technique. R. & R. at 7–10. Plaintiff's Amended Complaint resolved some of these issues by removing some of the most factually distant claims and many of the improperly joined Defendants. See Am. Compl.; Letter at 11–15. But the Amended Complaint does not go far enough. Plaintiff's factual allegations remain often conclusory, implausible, and even fanciful. The relationship between all the different elements of the alleged conspiracy is still unclear to this Court, meaning Plaintiff's joinder of the over 70 remaining Defendants into a single pleading remains problematic. See Fed. R. Civ. P. 20(a)(2). And since Plaintiff removed his San Francisco related claims, see Letter at 11–12, it is unclear if venue is still proper. See 28 U.S.C. § 1391(b).

For these reasons, the Court ADOPTS the R. & R. and DISMISSES Plaintiff's complaint. The Court agrees with Judge Beeler that Plaintiff has been non-compliant with Court orders and has repeatedly failed to cure his pleadings' deficiencies. See R. & R. at 10 (quoting Foman v. Davis, 371 U.S. 178, 182 (1962), and Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009) to show leave to amend can be denied where amendments have already failed). The Court thus agrees that the claims should be dismissed without leave to amend, although Plaintiff has leave to file further claims if he properly separates his Defendants and supports his factual allegations.

//

//

[4] The Court DENIES, as well, the request to order Defendants to show cause.

## IV. CONCLUSION

For the foregoing reasons, the Plaintiff's motions for a TRO and a preliminary injunction are **DENIED**. The R. & R. is **ADOPTED**. And Plaintiff's case is **DISMISSED** without leave to amend.

**IT IS SO ORDERED.**

Dated: November 11, 2026

CHARLES R. BREYER
United States District Judge