United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARSHALL ABRAHAM WEXLER,
Plaintiff,

v.

IRA SCHWARTZ, et al.,
Defendants.

Case No. 26-cv-02092-CRB

**ORDER DENYING MOTION FOR TRO; DENYING MOTION FOR RECONSIDERATION**

On November 11, 2026, this Court denied Plaintiff's request for a temporary restraining order ("TRO") and preliminary injunction and adopted Judge Beeler's Report and Recommendation to dismiss this case without leave to amend. Ord. (dkt. 44). Eight days later, Plaintiff made four new submissions to the Court: an amended complaint, Am. Compl. (dkt. 46); a new ex parte "application" for a TRO, TRO Mot. (dkt. 47); a motion for reconsideration, Mot. for Recons. (dkt. 48); and a letter that submits "formal objections to Judge Beeler's screening report," Letter (dkt. 49). The Court handles them in order.[1]

First, this Court's order dismissed Plaintiff's case without leave to amend. Ord. at 1, 9. Those words would be meaningless if Plaintiff was then permitted to submit an amended complaint. See Kawelo v. Nationstar Mortg. LLC, No. 18-00096, 2018 WL 4354295, at *9 (D. Haw. Sept. 12, 2018) ("Claims that are dismissed with prejudice may not be amended."). Thus, this Court will not consider Plaintiff's amended complaint, which the Plaintiff had no authority to file.

Second, Plaintiff's new motion for a TRO directly mirrors the motion already

[1] Pursuant to Civil Local Rule 7-1(b), the Court deems this matter suitable for resolution without oral argument

United States District Court
Northern District of California

rejected by this Court.[2] Compare TRO Mot., with First Ex Parte Appl. Emergency Inj. (dkt. 43). This Court need not regurgitate its earlier analysis on these issues. Where Plaintiff does present new arguments, they are just as easily dismissed. Plaintiff argues that the suspension of his license to practice law would harm his clients, since he is "the attorney of record for a New York client in a major class-action lawsuit against student loan services and debt collectors." TRO Mot. at 2. But Plaintiff provides no support for this claim, provides no analysis of the Winter factors, and does nothing to respond to this Court's existing determination that he is unlikely to succeed on the merits of his claims seeking intervention in state disciplinary proceedings. See id.; Ord. at 7. Plaintiff's conclusory argument that an order for a psychiatric evaluation from October 2025 will irreparably harm his privacy fails for the same reasons. See TRO Mot. at 2. And Plaintiff again provides nothing close to an adequate justification for emergency relief for his desire to have some Defendants provide an accounting of their settlement funds. See Mot. at 2–3. As this Court already held, conclusory arguments cannot justify the extraordinary remedy of emergency relief. Ord. at 7. Plaintiff's arguments have only gotten more conclusory.[3]

Third, Plaintiff's motion for reconsideration raises two arguments: that Plaintiff has newly discovered evidence of fraud, and that reconsideration is necessary to avoid "manifest injustice." Mot. for Recons. at 2–3. Both fail. Plaintiff's first argument is again conclusory. Plaintiff claims, without any support or elaboration, that he has "discovered" that two of the Defendants "took possession of Plaintiff's mobile device and unlawfully deleted text and WhatsApp messages" containing "direct evidence of" crimes. Id. at 2. That is not enough. See Branco v. Espinda, No. 09-cv-00382-DAE-LEK, 2010 WL 307580, at *3 (D. Haw. Jan. 26, 2010) ("Petitioner cannot prevail on a motion for

---

[2] If anything, the new motion is more abbreviated and thus only accentuates the Court's conclusion that Plaintiff's claims were too conclusory to justify emergency relief. See Ord. at 7.

[3] Plaintiff also submitted a letter to the Court requesting permission to supplement the record and to add a motion for a preliminary injunction "to the evidence in this case." Letter (dkt. 45) at 2. The letter contains no new arguments, a copy of a state disciplinary report that is over a year old, and a list of exhibit descriptions with no other documents attached. To the extent the letter constitutes a new motion, the Court DENIES leave to file another motion for preliminary injunction for the same reasons discussed in its prior order. See Ord. at 5–8.

reconsideration based on this generalized and unsupported grievance.”). Plaintiff's argument that he will suffer “manifest injustice” without reconsideration gets him no further. See Mot. for Recons. at 3. While a showing of manifest injustice can justify reconsideration, Plaintiff's paragraph reiterating his view that the state disciplinary proceedings are retaliatory and may impact his ability to serve as an attorney provides no information that the Court was not aware of when making its initial ruling. This Court can only find manifest injustice if the outcome of the Order seems “fundamentally unfair” or if there is “direct, obvious and observable” error. See Amer. Gen. Life Ins. Co. v. Le, No. 22-0876-JGB, 2024 WL 3005866, at *6 (C.D. Cal. May 17, 2024) (cleaned up). Plaintiff has provided nothing rising to that level.

Fourth, the Court rejects Defendant's objection to Judge Beeler's screening orders and Report and Recommendation. Letter (dkt. 49). Plaintiff argues that Judge Beeler's screening report was improper because it was issued after he had “duly submitted [a] formal declination of consent to magistrate judge jurisdiction.” Id. at 1. Plaintiff is right that his declination of consent, which was submitted on July 8, 2026, see Consent or Declination (dkt. 21), predates Judge Beeler's screening order and Report and Recommendation, see Ord. (dkt. 24); Ord. (dkt. 32); R. & R. (dkt. 36).[4] He is wrong, however, that this sequence of events undermines the “validity” of Judge Beeler's subsequent orders and recommendations. Letter at 1. “[A] party's decision to decline Magistrate Judge jurisdiction affects only the Magistrate Judge's ability to issue rulings on dispositive matters.” Thomas v. Davey, No. 16-cv-0925-AWI-GAM, 2017 WL 896318, at *2 (E.D. Cal. Mar. 6, 2017). But a “screening order . . . requir[ing] Plaintiff to file a second amended complaint, [is] not dispositive” and a Plaintiff's declination “in no way affects the validity of the screening order . . . or the ability of the magistrate judge to rule on non-dispositive matters or issue findings and recommendations.” Id.; see In re

[4] Plaintiff's declination includes errant markings around the box to decline consent but no actual markings within the box. Consent or Declination. Nonetheless, the Court considers it clear that Plaintiff intended to decline consent.

United States District Court
Northern District of California

Thurmond, No. 25-cv-01086-APG-EJY, 2026 WL 949015, at *2 (D. Nev. April 8, 2026) ("Declining magistrate judge jurisdiction does not mean that the magistrate judge no longer has power to act in the case. Magistrate judges may, with some exceptions, hear and determine any pretrial matter pending before the court, conduct hearings, including evidentiary hearings, and submit proposed findings of fact and recommendations to the assigned district judge on dispositive matters." (cleaned up)). Thus, the Court finds that Judge Beeler was acting within her jurisdiction in screening Plaintiff's complaint and issuing a Report and Recommendation to this Court on the amended pleadings.

## I. CONCLUSION

For the foregoing reasons, Plaintiff's motion for a TRO and for Reconsideration are DENIED, the Court rejects Plaintiff's attempt to file an amended complaint without leave of the Court, and the Court finds Plaintiff's objections to Judge Beeler's jurisdiction without merit.

The Court further cautions Plaintiff that he is not to continue filing duplicative motions in this matter, which has now been dismissed without leave to amend. Plaintiff has leave to bring new suits where jurisdiction and venue are proper and the defendants are properly joined.

**IT IS SO ORDERED.**

Dated: November 20, 2026

CHARLES R. BREYER
United States District Judge